IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ADOLF ARIZPE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:23-CV-770 |
| | § | |
| | § | |
| SANDERSON FARMS, LLC | § | |
| (PROCESSING DIVISION) d/b/a | § | |
| WAYNE-SANDERSON FARMS, | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Adolf Arizpe, complaining of Defendant, Sanderson Farms, LLC (Processing Division) d/b/a Wayne-Sanderson Farms, and files this Plaintiff's Original Complaint alleging the following:

**I. Nature of the Case**

1. Plaintiff, Adolf Arizpe, brings this action under the Family & Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*, and under the American with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et. seq., ("ADA"), for the unlawful employment practices committed by Defendant, Sanderson Farms, LLC (Processing Division) d/b/a Wayne-Sanderson Farms, against Plaintiff by interfering with Plaintiff's leave, retaliating against Plaintiff, and by terminating Plaintiff's employment.

## II. Parties and Service of Process

2. Plaintiff is an individual who resides in the Western District of Texas.

3. Defendant, Sanderson Farms, LLC (Processing Division) d/b/a Wayne-Sanderson Farms, does business in the Western District of Texas and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## III. Jurisdiction & Venue

4. This Court has jurisdiction over this suit because Arizpe's causes of action arise under federal law, *i.e.*, the FMLA and ADA. Venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas.

## IV. Factual Background

5. Adolf Arizpe worked as an Evisceration Supervisor at Wayne-Sanderson's Waco facility. Arizpe had been employed with the Company for over ten years since October 2012. As set forth below, Wayne-Sanderson engaged in discriminatory and retaliatory conduct against him after he sought medical leave from work to undergo surgery and recover from a serious knee condition.

6. In August 2022, Arizpe requested time away from work under the FMLA for knee surgery and subsequent physical therapy. His Superintendent, Alex Salazar, and then Field Employee Relations Manager (FERM), Kelly Alejandro, expressed a negative attitude about him taking medical leave. Arizpe's surgeon completed Arizpe's FMLA paperwork, which Arizpe provided to the FERM. The surgeon stated that Arizpe would be incapacitated from August 5, 2022, to October 23, 2022, for

surgery and post-op physical therapy. He further stated that Arizpe would not be able to perform the essential job functions and would not be able to stand/walk for long periods of time, or to climb, squat, or sit for long periods of time.

7. While initially allowed off work for surgery, Wayne-Sanderson required Arizpe to return to work on September 13, 2022, before the end of his leave, to perform desk duty. In this position, Wayne-Sanderson required Arizpe to sit for long periods of time, which violated the surgeon's prior instructions. Arizpe continued to have complications with his knee following the surgery. Arizpe's physician subsequently took him off work from November 18 through November 21.

8. On or about December 3, 2022, with Arizpe continuing to experience pain and discomfort in his knee, Arizpe's surgeon completed a second FMLA health care certification form, requiring that Arizpe undergo "home P.T. & formal P.T. to gain strength in knee before returning back to *any* work." (emphasis added). Undeterred by the surgeon's instructions, Wayne-Sanderson again pressed Arizpe to return to work for "desk duty" in violation of his surgeon's instructions. On or about December 6, 2022, because of the badgering Arizpe received from Wayne-Sanderson to return to work, Arizpe's surgeon provided further work restrictions explicitly stating: "May NOT be released until further notice – is not cleared for *any* type of work." (emphasis added).

9. Arizpe returned from medical leave on or about January 17, 2023. On February 23, 2023, Arizpe informed Superintendent Salazar he would be undergoing therapy on his knee for an additional six weeks. On March 14, 2023, Arizpe was called into a meeting in the FERM's office with Ray Pruitt, Area Manager, and Lilly Brooks,

the new FERM. Arizpe was told he was under investigation for running a business while on FMLA. No information was requested from, or provided to, Arizpe, and he was suspended.

10. Two days later, on March 16, he received a call from Pruitt and Brooks telling him that "upon further investigation, you're being terminated for running a business while on FML leave." When Arizpe asked what facts supported this decision, they refused to say. When he asked if he could give a statement to respond to the allegations, he was not allowed to do so. The Company had no evidence Arizpe was conducting business while on leave. To the contrary, Arizpe's records conclusively establish that no business was conducted while he was on leave.

## V. Causes of Action

### *Violations of the Family & Medical Leave Act (Interference & Retaliation)*

11. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right under the FMLA, or discharge or otherwise discriminate against an individual for opposing any practice made unlawful by the FMLA.

12. Defendant is an "employer" as that term is defined under the FMLA.

13. Arizpe is an "eligible employee" within the meaning of the FMLA in that he was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period. The FMLA entitled Arizpe to 12 weeks of unpaid leave for his serious medical condition.

14. Wayne-Sanderson intentionally interfered with his rights under the FMLA and retaliated against him by discharging him. Wayne-Sanderson required

Arizpe to work in violation of his restrictions and then conjured up a false reason to terminate him after his leave was over, refusing to give him any factual support for the Company's decision to fire him, and refusing to allow him an opportunity to counter or explain why the Company's "proof" was not what it appeared to be.

15. Defendant violated both Arizpe's prescriptive and proscriptive rights under the FMLA by the actions described above and by retaliating against him for exercising his rights under the FMLA.

16. Defendant acted willfully in violating Plaintiff's rights under the FMLA.

**Violations of the ADA (Disability & Failure-to-accommodate)**

17. The ADA prohibits discrimination on the basis of disability. The ADA further prohibits denial of a reasonable accommodation. Arizpe was disabled as defined by the ADA. Arizpe sustained a knee injury which necessitated surgery and physical therapy. Arizpe had a knee condition that substantially limits one or more major life activities, has a record of such impairment, or was regarded as having an impairment by Wayne-Sanderson. Arizpe is otherwise qualified to perform the essential functions of his job.

18. Arizpe is an employee, and Defendant is an employer, under the definitions set forth in the ADA. Arizpe had experience as Evisceration Supervisor and, indeed, had performed this position for over ten years when Defendant terminated his employment.

19. Defendant has violated the ADA by intentionally discriminating against Arizpe because of his disability. Defendant's discriminatory acts include, without limitation, Defendant's failure to engage in the interactive process; violation of work

restrictions; failure to abide by surgeon's request for Arizpe to take leave for a limited and definite period of time; failure to provide a reasonable accommodation; and termination of Arizpe's employment.

**Violations of the ADA (Retaliation)**

19. The ADA prohibits retaliation against employees who oppose discrimination and/or make requests for reasonable accommodation. Arizpe engaged in protected activity when he protested his employer's assertions that he should work desk duty instead of take time off from work, as ordered by his surgeon. Arizpe further provided restrictions to Wayne-Sanderson, requesting that Wayne-Sanderson abide by such restrictions. In retaliation, Wayne-Sanderson promptly terminated Arizpe's employment.

## VI. Damages

20. As a result of the above, Arizpe has lost past and future wages and benefits of employment. Arizpe has also suffered compensatory damages in the past and will likely suffer compensatory damages in the future because of Defendant's conduct.

## VII. Liquidated Damages

21. Plaintiff seeks the recovery of liquidated damages under the FMLA.

## VIII. Exemplary Damages

22. Plaintiff seeks the recovery of exemplary damages under the ADA.

## IX. Attorneys' Fees

23. Arizpe has also had to employ attorneys to vindicate his rights under the law, and therefore, he seeks reasonable and necessary attorneys' fees and costs

under the FMLA and ADA.

## X. Demand for Jury Trial

24. Arizpe hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, Adolf Arizpe, respectfully requests that the Court issue citation for Defendant, Sanderson Farms, Inc. (Processing Division) d/b/a Wayne-Sanderson Farms, to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against Defendant for all actual damages suffered and/or incurred by Plaintiff, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, liquidated damages, exemplary damages, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SCANES YELVERTON TALBERT, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

BY:  /s/ Joel S. Shields
       Benjamin C. Yelverton
       State Bar No. 24084132
       Email: yelverton@sytfirm.com
       Joel S. Shields
       State Bar No. 24041907
       E-mail: shields@sytfirm.com

ATTORNEYS FOR PLAINTIFF